IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES ERNEST DUFF, II                                                                    PLAINTIFF

v.                                          Civil No. 4:16-CV-04095

CORPORAL GRIFFIE, *et. al.*                                                          DEFENDANTS

# ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motions to Supplement Complaint (ECF Nos. 27, 33), second Motion to Compel (ECF No. 32), Motions for Extension of Time to File Response to Summary Judgment (ECF Nos. 46, 50, 55), Motion for Summary Judgment Questionnaire (ECF No. 52), and Motion for Inclusion (ECF No. 61).

**A. Amend/Supplement Complaint**

Plaintiff filed his Complaint on October 7, 2016. (ECF No. 1). The initial Scheduling Order for this Case was entered on February 15, 2017. (ECF No. 22). On May 8, 2017 he filed a Motion to Supplement his Complaint. (ECF No. 27). In this Motion, Plaintiff sought permission to add Corporal Tefft, and other unnamed employees of the Miller County Detention Center as Defendants. Plaintiff did not specify how these parties were involved in the actions or inactions leading to his case. On July 11, 2017, Plaintiff filed a second Motion to Supplement Complaint, filing a new Complaint form. (ECF No. 33). Defendants filed an Objection to Plaintiff's second Motion to Supplement on July 25, 2017. (ECF No. 35). In their Objection, Defendants state the request to add parties was untimely, and Plaintiff's would be prejudiced by the addition of new

1

parties at this late date. (ECF No. 35). Plaintiff responded to the Objection on August 3, 2017. (ECF No. 37), stating Defendants' objections were unjustified.

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

Here, Plaintiff's first Motion to Amend was timely, as it was filed before May 16, 2017, the deadline set by the Court's initial scheduling order. However, the Motion was futile, as he did not affirmatively link the conduct of each new Defendant with the specific injury he suffered. Plaintiff's second Motion to Supplement was untimely, as it was filed after the scheduling order deadline on July 11, 2017. This filing occurred past the deadline set in the scheduling order, and within a few weeks of the Summary Judgment deadline of August 14, 2017. Thus, the addition of

new parties would have been unduly prejudicial to Defendants. Plaintiff's Motions to Supplement (ECF Nos. 27, 33) are therefore **DENIED**.

### B. Motion to Compel

Plaintiff filed a lengthy second Motion to Compel on July 5, 2017. (ECF No. 32). The Motion to Compel included as exhibits an unexplained Christian Bible brochure entitled "Time is Short," and copies of discovery requests to Defendants. Despite a total of eighty-two pages in the submission, it is not clear what discovery Plaintiff alleges to have asked for and not received. Defendants responded on July 21, 2017. (ECF No. 34). In their Response, they state they have responded to two sets of Interrogatories and Requests for Production from Plaintiff. They further state that Plaintiff "has not previously communicated to Defendants he was dissatisfied with Defendants' discovery responses or attempted to resolve this discovery issue" prior to filing this Motion to Compel. (ECF No. 34 at 1).

Pursuant to the Federal Rules of Civil Procedure, Plaintiff must first submit his discovery request to Defendant(s) and allow Defendant(s) thirty (30) days to respond to such requests. Fed. R. Civ. P. 33-34. If Defendant(s) fail to respond to any discovery requests within the thirty (30) day period, Plaintiff must then confer or attempt to confer with the Defendant(s) in a good faith effort to obtain the requested information before seeking court intervention. Fed. R. Civ. P. 37(a)(3)(B) and Local Rule 7.2(g). Plaintiff was previously advised of these rules in the Prisoner Litigation Guide and again on May 15, 2017, when his first Motion to Compel was denied, but still failed to show he made any effort to confer with Defendant(s) before filing this Motion to Compel. Plaintiff's Motion to Compel (ECF No. 32) is therefore **DENIED**.

### C. Motions Regarding Summary Judgment

Defendants filed their Motion for Summary Judgment on August 14, 2017. (ECF No. 42). Plaintiff filed a Motion for Extension to Respond on August 16, 2017 (ECF No. 46), August 29, 2017 (ECF No. 50), and September 8, 2017. (ECF No. 55). On September 7, 2017, Plaintiff filed a Motion for Questionnaire Assistance. (ECF No. 52). On September 27, 2017, Plaintiff filed his Response. (ECF No. 58). Defendant filed a Reply on September 27, 2017. (ECF No. 59). Plaintiff filed a Response to the Reply on October 13, 2017. (ECF No. 60). Plaintiff also filed a Motion for Inclusion on October 13, 2017, (ECF No. 61), in which he requested that he be notified by mail of any Court activities.

Defendants' Reply indicates Defendant's Response relies primarily upon claims and parties not included in Plaintiff's Complaint. (ECF No. 59). A review of the docket indicates Plaintiff did not receive an Amended Scheduling Order with directions for filing his Response prior to filing. Accordingly, Plaintiff's Motions for Extension to File Response (46, 50, and 55) are **GRANTED**.

P**laintiff is directed to file a Response to Defendants' Motion for Summary Judgment by November 7, 2017.** At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit <u>and must be either</u>: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. ' 1746.

4

Furthermore, **Plaintiff must also separately file a Statement of Disputed Facts**, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial. If Plaintiff disputes any of the facts set forth in Defendants' Statement of Undisputed Facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Plaintiff is advised that if he intends to rely upon any records or exhibits that have been previously filed with the Court, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2). Defendants shall have 21 days to Reply to Plaintiff's Response, if so desired.

Plaintiff's Motion for Questionnaire (ECF No. 52) and Motion for Inclusion (61) are **DENIED** as moot.

IT IS SO ORDERED this 17th day of October 2017.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE